IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-68-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TERRANCE LADRELL FISHER )<br>)<br>Defendant. ) | ORDER ON PRELIMINARY<br>EXAMINATION AND DETENTION<br>18 U.S.C. § 3141 *et seq.*<br>Fed. R. Crim. P. 32.1(a)(6) |

This matter came before the court today for a preliminary examination on the government's motion for revocation of Defendant's supervised release and for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3141 *et seq.* The government presented the testimony of United States Probation Officer Bob Thornton. Defendant was represented by counsel and presented the testimony of Joan Coco, Defendant's grandmother, as a proposed third-party custodian.

I.

Following his conviction for the possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, Defendant commenced a 36-month term of supervised release on or about January 2, 2015. [DE-49, -56]. On March 3, 2015, the government filed a motion to revoke Defendant's supervised release on the following grounds: (1) testing positive for marijuana use on February 2, 2015, (2) criminal conduct having been arrested and charged with speeding and reckless driving without an operator's license and providing fictitious information to an officer on February 26, 2015, and (3) criminal conduct having been arrested and charged on February 27, 2015 with three counts of trafficking opium or heroin, one count of trafficking opium or heroin and possession with intent to manufacture/sel/deliver heroin and possession of drug paraphernalia. [DE-49]. According

to the motion, the drug and traffic charges were pending against Defendant at the time the government's motion was filed. *Id.*

On November 29, 2016, the government filed an amended motion for revocation of supervised release. [DE-56]. The government's amended motion reflects Defendant's conviction on the state drug charges. *Id.* In its amended motion, the government alleges Defendant has violated the terms of his supervision by (1) using a controlled substance having tested positive for marijuana use on February 2, 2015 and (2) having been convicted of four charges of selling heroin on four separate occasions, February 3, 5, 12 and 27, 2015, in New Hanover County Superior Court. *Id.* According to the parties, following his conviction on the state drug charges, Defendant was incarcerated for approximately 22 months until his recent release.

## II.

At the commencement of the consolidated hearings, Defendant advised the court his intention to waive the preliminary examination in this matter. Accordingly, Defendant and his counsel executed the requisite paperwork memorializing Defendant's desire to waive the preliminary examination and, after having conducted further inquiry of Defendant in open court, this court accepted Defendant's knowing and voluntary waiver of the preliminary examination. Accordingly, the court finds probable cause to support the government's amended motion for revocation of Defendant's supervised release.

## III.

In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to any other person or to the

2

community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

The law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense and the strength of the government's case; (2) evidence showing Defendant's previous violations of supervision, including the allegation that he committed the underlying federal offense while on state supervision, demonstrating him to be a danger to himself and to others in the community, as well as his inability or unwillingness to heed the admonitions of the court, (3) and other findings and reasons stated in open court. The factors cited by Defendant's counsel and considered by the court as mitigating, including the testimony of Defendant's grandmother, do not outweigh the factors in favor of detention. *See* Fed. R. Crim. P. 32.1(a)(6).

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in an appropriate correction facility pending resolution of this matter. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 1st day of December 2016.

Robert B. Jones, Jr.,
United States Magistrate Judge